# COURT OF ERRORS AND APPEALS.

Executors of MARGARET S. RUTGERS, appellants, and JOSEPH KINGSLAND, respondent.

This case is reported ante, page 178.

*A. C. M. Pennington* and *W. Pennington* for the appellants.

*R. Van Arsdale* and *A. Whitehead* for the respondents.

The opinion of the court was delivered by the Chief Justice.

GREEN, C. J.   The court are of opinion,

1. That there is satisfactory evidence of a mistake in the description of the premises contained in the mortgage of September, 1836, from Brown to Pomeroy, and that the mortgagee or his assignee was entitled in equity to have the mortgage reformed as against the mortgagor, or those claiming under him with notice.

2. That there is satisfactory evidence of notice to Charles Mix, the purchaser of Brown's title at the master's sale, and that *as against him* the complainant would be entitled to have the mortgage reformed.

3. That under the law of this State the registry of a mortgage is notice only of what is contained in the registry, and that an erroneous mortgage duly registered cannot be reformed as against a judgment creditor without notice.

4. A majority of the court are of opinion that William Mix

and Joseph Kingsland are judgment creditors without notice, and that as against them, or a purchaser claiming by virtue of their judgments, the mortgage cannot be reformed.

A large minority of the court are of opinion that the recitals in the deed from the master to Charles Mix and the proceedings in the cause by virtue of which that deed was executed are constructive notice, not only to Charles Mix, but to all persons claiming under him either as *bona fide* purchasers or judgment creditors; that consequently both the judgment creditors and the purchaser are affected with notice.

5. The court are further of opinion, that after a decree of foreclosure and sale of the mortgaged premises as actually described, the mortgage cannot be reformed and a sale made of an additinal quantity of land alleged to have been omitted in the description contained in the mortgage.   And inasmuch as it appears by the admission of counsel, that the premises sold under the original decree have been conveyed by the sheriff to the complainant, and by the complainant to a third party, the original decree of foreclosure cannot be opened, nor can the complainant have the relief prayed for in her bill.   And upon this ground the court are of opinion that the decree of the Chancellor must be affirmed, *with costs.*

In this opinion Carpenter, Randolph and Ogden, Justices, and Risley, Porter, Wills, Schenck and Cornelison, Judges, concurred.

Nevius, Justice, and Valentine, Judge, dissented.

Decree affirmed.